UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-23228-CIV-MORENO

KAREN MARTIN, *et. al,,*

    Plaintiffs,

vs.

DOUGLAS BRICENO and ERIC FANTINI,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT ERIC FANTINI'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Eric Fantini's Motion for Summary Judgment **(D.E. No. 68)**, filed on **March 26, 2014**. THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is GRANTED. There is no genuine issue of material fact as to whether Plaintiffs are entitled to coverage under the Fair Labor Standards Act. The 1501 Group's 2009 Financial Statement evidences that Plaintiffs are not entitled to enterprise coverage, and Plaintiffs are not entitled to individual coverage because they are not "engaged in commerce" or "in the production of goods for commerce." As servers, waiters, bartender, hostess, cooks, bus boys, doormen, and a secretary, Plaintiffs have not engaged in commerce sufficient to establish individual coverage under the Act.

I.    Factual Background

    This Motion came before the Court by the action of Defendant Eric Fantini's ("Fantini")

Motion for Summary Judgment, filed pursuant to Fed. R. Civ. Pro. 56 and Local Rule 56.1. Plaintiffs filed suit against Fantini under the Fair Labor Standard Acts ("FLSA"), seeking to recover unpaid and overtime wages allegedly earned while working for 1501 Group, LLC. ("1501 Group"), a Florida limited liability company that operates a restaurant/night club called Bancroft Supperclub. Defendant Fantini, at all times material hereto, was a managing member of the 1501 Group, and the Supperclub was a local enterprise transacting business in Miami Beach.

All of the Plaintiffs in this action were employed by the 1501 Group to work at Bancroft Supperclub. At all material times, Catalin Popoviciu acted as the general manager of 1501 Group under the supervision of Fantin. Plaintiffs collectively were employed by the 1501 Group as servers, waiters, bartenders, cooks, bus boys, and doormen, and performed the same or similar duties of other similarly situated servers, waiters, bartenders, cooks, bus boys, and doormen, the exception being Karen Martin, who was employed as an office secretary. Martin's duties consisted of making photocopies, filing and organizing documents, and coordinating meetings of staff and management. The1501 Group and Bancroft Supperclub ceased operation in early November 2009, with gross revenue sales substantially less than $500,000.00 for that year.

II.  Legal Standard

A court should grant summary judgment "if the pleadings, the discovery, and disclosure statements on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). There is no "genuine issue for trial" when, taking the entire record into consideration, a rational trier of fact could not find for the non-moving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When making this determination, a court "must view all the evidence and all the

factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997).

Summary judgment is appropriate "where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial." *Navarro v. Broney Automotive Repairs, Inc.,* 533 F. Supp. 2d 1223, 1225 (S.D. Fla. 2008) Accordingly, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "A mere 'scintilla of evidence' supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party is "merely colorable, or is not significantly probative", then summary judgment may be granted. *Lamonica v. Safe Hurricane Shutters, Inc.,* 578 F. Supp. 2d 1363, 1365 (S.D. Fla. 2008).

III. Legal Analysis

    A. Defendant Fantini is not liable to Plaintiffs because Plaintiffs are not entitled to "enterprise" or "individual" coverage under the Fair Labor Standards Act.

Under the Fair Labor Standards Act, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage. *Thorne v. All Restoration Services, Inc.,* 448 F. 3d 1264, 1265 (11th Cir. 2006). This Court has determined that the 1501 Group is not a covered "enterprise" under FLSA, and none of the Plaintiffs are eligible for individual coverage under the Act.

A covered enterprise under the FLSA is one that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29. U.S.C. § 203(s)(I)(A). The statute requires that a business meet both prongs of the test to be liable to employees pursuant to "enterprise" coverage. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009).

Alternatively, an employee may establish that he or she qualifies for "individual" coverage under the Act if he regularly and "directly participat[es] in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23( d)(2)(2005); 29 C.F.R. § 776.24 (2005)); see also 29 U.S.C. § 207(a)(l) (mandating time-and-a-half for "employees ... engaged in [interstate) commerce or in the production of goods for [interstate) commerce"). Plaintiffs in this action fail to establish that they are eligible for either type of coverage.

1. Plaintiffs Cannot Establish Enterprise Coverage under the Fair Labor Standards Act.

To establish that a business qualifies for "enterprise coverage" under the Fair Labor Standards Act, a plaintiff must demonstrate that a business (1) employs two or more employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved or produced in commerce, and (2) produces gross sales of

at least $500,000.00 annually. *Dent v. Giaimo,* 665 F. Supp. 2d 1295, 1304 (S.D. Fla. 2009); *Scott v. K W: Max Investments, Inc.,* 256 Fed. Appx. 244 (11th Cir. 2007). Gross sales are calculated for the entire year during which the plaintiff was employed. *Id.*

Here, the 1501 Group ceased operation in early November 2009 and filed for judicial dissolution on November 16, 2009. *See* D.E. 68-1. As a result, the Financial Statement as of October 31, 2009 is an accurate reflection of the total gross sales of 1501 Group for the 2009 year; it shows that the 1501 Group's gross profits for the 10-month period ending on October 31, 2009 amount to $250,449.57–an amount substantially less than the $500,000.00 threshold required to establish enterprise coverage. *See* D.E. 68-3 ("1501 Group's 2009 Financial Statement"). Plaintiffs cannot thereby establish enterprise coverage under FLSA.

        b.    Plaintiffs Cannot Establish Individual Coverage the Fair Labor Standards Act.

Plaintiffs also fail to show that they are entitled to individual coverage under the Fair Labor Standards Act. An employer may be subjected to the requirements of the Act if its employees are (1) engaged in commerce, or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1).To establish "individual coverage" and recover under the Act, an employee must be engaged in commerce or in the production of goods for commerce. *Martinez v. Palace,* 414 Fed. Appx. 243, 245 (11th Cir. 2011); *Diaz v. Jaguar Restaurant Group, LLC.,* 649 F. Supp. 2d 1343, 1346 (S.D. Fla. 2009). To establish whether an employee performed work covered under the FLSA based on individual coverage, a court must focus its inquiry on the activities of the employee and not on the employer. *Mitchell v. Lublin McGaughy & Assoc.,* 358 U.S. 207, 211 (1959). Employees bear the burden of establishing that they were engaged in interstate commerce. *Kitchings v. Florida*

*United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282 (M.D. Fla. 2005).

To be an engaged in commerce within the meaning of FLSA, an employee must directly participate in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce or by (ii) regularly using the instrumentalities of interstate commerce in his work. An employee may also qualify if his work is "closely related and directly essential to the production of goods for commerce." *Scott v. K W. Max Investments, Inc.*, 256 Fed. Appx. 244 (11th Cir. 2007).

All Plaintiffs in this action were former employees of the 1501 Group, serving as cooks, waiters, bus boys, servers, bartenders, hostess, doormen, and as an office secretary. It is undisputed that the Plaintiffs performed the same or similar duties of other similarly situated waiters, servers, bartenders, hostesses, bus boys, and secretaries. None of them were engaged in interstate commerce, nor did any of them directly participate in the movement of persons or thing in interstate commerce. This court has previously determined that there is no "individual coverage" under FLSA when a plaintiff works as a waiter/cashier and (a) processes credit and debit card purchase transactions; (b) serves food prepared with ingredients that had crossed state lines; (c) serves beverages produced out-of-state; and (d) serves customers from out of the state. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012).; *see also McLeod*, 319 U.S. at 496 (finding that an employee that merely cooked and cleaned was not involved in interstate commerce). Plaintiffs here who were waiters, servers, bartenders, and bus boys are not entitled to individual coverage because their duties involved processing credit card transactions and serving food and beverages.

Similarly, the Plaintiffs here who were cooks and dishwashers performed the same or similar duties of other similarly situated cooks and dishwashers and do not qualify for individual coverage. Cooks are not engaged in engaged in commerce for the purposed of individual coverage under

FLSA. *See McLeod*, 319 U.S. at 492 (cook not entitled to individual coverage under FLSA because only employees who were in the "channels of interstate commerce" were covered); *Lopez v. Top Chef Inv., Inc.*, 2007 WL 4247646 *2 (S.D. Fla. Nov. 30, 2007) (merely cooking food to be served in a local restaurant that passed in interstate commerce prior to arriving at the restaurant does not amount to Plaintiff being engaged in commerce for individual coverage); *see also Martinez v. Palace*, 414 Fed. Appx. 243 (11th Cir. 2011) (affirming ruling that restaurant cook was not engaged in commerce for purposes of individual coverage under the FLSA even if he handled food products and tools that had traveled in commerce); *Monelus v. Tocodrian*, 598 F. Supp. 2d 1312 (S.D. Fla. 2008) (employee's work as a cook who handled food that may have traveled in interstate commerce was not sufficient for individual coverage).

Finally, the duties of the office secretary, Karen Martin, consisted in regularly completing tasks such as making photocopies, filing and organizing documents, coordinating meetings between staff and management, and answering the phones. In the performance of her duties, Plaintiff Martin was not engage in interstate commerce, so she is not eligible for individual coverage under FLSA. *Kitchings*, 393 F. Supp. 2d 1293 n.26. Similarly, the Plaintiffs who were doormen were in charge of keeping track of the number of people allowed to enter Bancroft Supperclub during business hours. They are not entitled to individual coverage because they were not engaged in commerce or in the production of goods for commerce. *See Thorne* at 1267 ("The fact that the Defendant Company provided services of an exclusively local nature is dispositive."); *Polycarpe v. E & S Landscaping Servs., Inc.*, 572 F. Supp. 2d 1318, 1321-22 (S.D. Fla. 2008). In summary, none of the Plaintiffs here qualify for individual coverage under the Fair Labor Standards Act.

IV.  Conclusion

The Court finds that Defendant Fantini is entitled to summary judgment because no genuine of material fact remains regarding whether Plaintiffs are eligible for either enterprise or individual coverage under the Fair Labor Standards Act. The 1501 Group did not gross over $500,000.00 in sales in 2009 and Plaintiffs, in performance of their job duties while working for 1501 Group, were not engaged in commerce or in the production of goods for commerce. It is therefore ADJUDGED that Defendant Briceno's Motion for Summary Judgment is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of June, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record